UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESUS GALARZA-VILLANUEVA, | ) | 1:11-cv-00228-LJO-JLT HC |
| | ) | |
| Petitioner, | ) | ORDER CONSTRUING PETITIONER'S |
| | ) | MOTION FOR SUMMARY JUDGMENT AS |
| v. | ) | A MOTION FOR AN EXPEDITED |
| | ) | DECISION AND, SO CONSTRUED, |
| H. A. RIOS, JR., et al., | ) | DENYING MOTION FOR EXPEDITED |
| | ) | DECISION (Doc. 14) |
| Respondents. | ) | |
| | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The instant petition was filed on February 10, 2011, challenging the Bureau of Prisons' ("BOP") computation of credits regarding Petitioner's sentence. (Doc. 1).

On February 17, 2011, the Court ordered Respondent to file a response to the petition. (Doc. 3). On April 22, 2011, Respondent filed an Answer. (Doc. 11). On April 29, 2011, Petitioner filed his Traverse. (Doc. 13). At that point, the case was designated as "at issue," i.e., ready for a decision on the merits, and it was placed on a list of habeas cases awaiting a decision on the merits.

On August 29, 2011, Petitioner filed the instant motion, styled as a motion for summary judgment. (Doc. 14). However, other than citing Fed. R. Civ. P. 56, the motion makes no other reference to summary judgment; instead, Petitioner argues that he has waited over 120 days for a decision on the petition, that he would be entitled to early release in November 2011 if his petition is granted, and the he would need to coordinate his own removal from the United States as a deportable

alien once he is released, so additional time would be required to make arrangements for such an eventuality.

The Court thus construes Petitioner's motion as a request to expedite the decision in this case.[1] As construed, the Court will deny the motion to expedite.

Case management at the court proceeds by the order cases are received. The Eastern District of California has one of the largest habeas corpus case loads of any federal district in the United States. As such, habeas cases proceed in the order in which they were filed. Once screened and briefed for a decision on the merits, the cases are addressed in the order in which the cases become "at issue" for a merits decision. The Court is aware of the existence of Petitioner's case and is well aware of the length of time that it has been pending. However, due to the caseload of the Court, and the Court's diligent handling of each individual case, rulings and decisions often takes time.

Moreover, filing a request to expedite proceedings merely places an additional burden on the Court's limited staff resources. The Court must take the time to examine and research every motion or request filed in a habeas proceeding. Each motion, no matter how inappropriate or unnecessary, requires the expenditure of additional court resources, resulting in added delays for all habeas cases, including the instant case.

Accordingly, the Court HEREBY ORDERS as follows:

1.     Petitioner's motion for summary judgment (Doc. 14 ), is CONSTRUED as a motion

---

[1] Even were the Court to consider the motion as one for summary judgment, it would be inappropriate in these habeas proceedings. The Rules Governing Section 2254 Cases do not expressly provide for motion practice; rather, such motion practice must be inferred from the structure of the rules themselves. Hillery, 533 F.Supp. at 1195. For example, Rule 11 provides as follows:

> The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.

Rule 11 of the Rules Governing Section 2254 Cases. (Emphasis supplied). Because of the peculiar and unique nature of habeas proceedings, as a general rule, summary judgment motions under Rule 56 are not appropriate. Given the nature of a habeas corpus petition, Anderson v. Butler, 886 F.2d 111, 113 (5th Cir. 1989) (modern habeas corpus procedure has the same function as an ordinary appeal); O'Neal v. McAnnich, 513 U.S. 440, 442, 115 S.Ct. 992 (1995) (federal court's function in habeas corpus proceedings is to "review errors in state criminal trials"(emphasis omitted)), motions for summary judgment are unnecessary because petitions may be decided immediately by the Court following submission of the pleadings provided no material issues of fact exist. See, 1 J. Liebman, *Federal Habeas Corpus Practice and Procedure,* § 17.3 (1988) (The habeas corpus statute authorizes -- indeed, it seems to *require* -- the court treat the petition itself as the equivalent of a petitioner initiated summary judgment motion).

1       to expedite judgment; and,

2    2.   As so construed, Petitioner's motion (Doc. 14 ), is DENIED.

4 IT IS SO ORDERED.

5 Dated: **October 20, 2011**             **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE