# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS GALARZA-VILLANUEVA, | ) 1:11-cv-00228-LJO-JLT (HC) |
| Petitioner, | ) FINDINGS AND RECOMMENDATIONS TO<br>) TO DENY PETITION FOR WRIT OF |
| v. | ) HABEAS CORPUS (Doc. 1) |
| H. A. RIOS, JR., | ) ORDER DIRECTING THAT OBJECTIONS BE<br>) FILED WITHIN 21 DAYS |
| Respondent. | ) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner filed the instant federal petition on February 10, 2011. (Doc. 1).

**I.  Jurisdiction**[1]

Relief by way of a writ of habeas corpus extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., United States v. Giddings,

---

[1] Though Petitioner alleges that he had not received the Fourth Administrative Appeal determination at the time he filed his petition for writ (Doc. 1 at 6), Respondent admits that Petitioner's appeals have been exhausted. (Doc. 11 at 3) Moreover, Exhibit 1 to Respondent's Answer, demonstrates that the "nunc pro tunc credit" was "denied." in March 2011. (Doc. 12-1) Indeed, the "Administrative Remedy No. 601891-A1 Part B-Response" denying the request for the nunc pro tunc determination was issued on March 17, 2011. (Doc. 17 at 3)

740 F.2d 770, 772 (9th Cir.1984); <u>Brown v. United States</u>, 610 F.2d 672, 677 (9th Cir. 1990). To receive relief under 28 U.S.C. § 2241, a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manor. See, e.g., <u>Clark v. Floyd</u>, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); <u>United States v. Jalili</u>, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); <u>Barden v. Keohane</u>, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); <u>Brown</u>, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parol).

Here, Petitioner is attacking the term of his incarceration. Therefore, the matter is properly before this Court under § 2241.

**II.    Factual History**

Petitioner was arrested on December 6, 2008, in Kane County, Illinois. (Doc. 1 at 3; Doc. 12 at 7; Doc. 12-1 at 7-11) He was charged with forgery and obstruction of justice in two separate cases and held in the county jail.

While awaiting trial on the state charges, on January 21, 2009, Petitioner was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum.[2] (Doc. 12 at 13-14) At that time, he was facing federal charges of "illegal reentry" according to 8 U.S.C. § 1326. (Doc. 1 at 2; Doc 12 at 16; Doc. 12-1 at 1-7) He was sentenced on the federal charge on May 29, 2009, to 39 months in prison. (Doc 12 at 16; Doc. 12-1 at 1-7) The federal judge made no mention of the state charges and, because he had not yet been convicted of the state offenses, made no mention of whether the federal sentence would run concurrently with the state sentence, when it was imposed. <u>Id</u>. After sentencing, Petitioner was returned to the county jail. (Doc. 1 at 3)

Petitioner was tried and ultimately convicted on the state charges. (Doc. 12 at 7-11) On July 23, 2009, the state court judge sentenced Petitioner to 42 months in custody on each charge and ordered that these sentences to run concurrently and to run "concurrent with Federal sentence that [Defendant] is serving." <u>Id</u>. The state court also credited Petitioner with the amount of time he had served to that point,

---

[2] A writ ad prosequendum allows a prisoner who is in the custody of one sovereign to be removed to another for prosecution of a crime. <u>Morgan v. United States</u>, 380 F.2d 686, 693 (9th Cir. 1967).

1  from December 6, 2008 to July 23, 2009, which was 229 days.  Id.  Additionally, the state court judge

2  remanded Petitioner to the custody of the Department of Corrections.  Id.  The orders read,

> NOW, THEREFORE, is Ordered, Adjudged and Decreed that the defendant be sentenced to the Illinois Department of Corrections for the crime he/she stands convicted, for a term of days, months or years as set forth herein; and
>
> FURTHER, that the defendant be taken from the bar of this Court to the Kane County Jail, and from there, by the Sheriff to the Kane County Jail, and from there, by the Sheriff of Kane County, to the nearest reception and classification center of the Illinois Department of Corrections, and the Illinois Department of Corrections is hereby required and commanded to take the body of the defendant and confine him/her in a Penitentiary or State Farm, according to the law, from and after delivery thereof until discharged according to law, provided such term of imprisonment shall not be less than nor more than the term of days, months or years for which the defendant stands convicted.

Id. at 9, 11.

Petitioner served his state sentence and was paroled on March 5, 2010 and, on that date, was placed in the custody of the United States Marshal Service for transport to the Bureau of Prisons.  (Doc. 12-1 at 7) At that time, the BOP made the initial decision that the time spent in state custody would not be credited against his federal sentence.  Id.  Petitioner filed an appeal of this decision which was denied on July 26, 2010, September 8, 2010, October 22, 2010 and ultimately on March 7, 2011.  (Doc. 1 at 5, 8-9; Doc 12 at 2)

In the October 22, 2010 Third Administrative Appeal determination, the BOP denied Petitioner's based upon the following analysis:

> You are requesting to have your sentence re-computed to show your federal sentence is running concurrent to your state sentence . . .
>
> We have investigated your appeal and agree with the Warden's response to you. On December 6, 2008, you were arrested by local authorities on local charges, unrelated to your federal case. On January 21, 2009, while in the primary custody of the local authorities in Illinois, you were released via a federal writ to the United States Marshals. On May 29, 2009, you were sentenced to 39 months in federal court. This order was silent which the Bureau interprets as consecutive to any sentence. You were returned to the custody of local authorities in Illinois and sentenced in Kane County Circuit Court to a 42-month term of imprisonment in state custody on July 23, 2009. You claim the state court ordered your federal sentence to be run concurrent to your state sentence. At no time can the state courts order a federal sentence to run in a manner not directed by the federal court.
>
> Program Statement 5880.28 CN 3 Sentence Computation Manual, Multiple Sentences of Imprisonment, citing, Title 18 U.S.C. 3584 subsection (a) states "multiple terms of imprisonment imposed at different times run consecutively unless the Court orders that the terms are to run concurrently." The Judgment and Commitment Order was silent as to

3

> the order of the sentence, therefore, the Bureau of Prisons interprets the statute to require the sentence to run consecutively. Your federal sentence began on the release date of your state sentence and has been correctly computed in accordance with applicable Bureau of Prisons policies and federal statutes to run consecutive to your state sentence. All time spent in custody of the state was credited to your state sentence.
>
> According to law, the Bureau of Prisons cannot credit your federal sentence with time in custody that was credited to another sentence. Title 18 U.S.C. 3585 (b), Credit for Prior Custody, states, "Defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . . that has not been credited against another sentence."
>
> Program Statement 5BBO. 2B, Sentence Computation Manual-CCCA, states "Time spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time. The primary reason for 'writ' custody is not the federal charge. The federal court merely 'borrows' the prisoner under the provisions of the writ for secondary custody." Based on the above information, your request for administrative remedy is denied . . .

(Doc. 1 at 8-9) When Petitioner again appealed, the BOP recognized its discretion under 18 USC § 3621(b) to evaluate whether the state prison where Petitioner had been housed should be determined as a place of imprisonment, nunc pro tunc, for serving his federal sentence. (Doc. 12-1 at 15-16) Toward this end, the BOP wrote to the federal sentencing judge and presented Petitioner's circumstance and asked for the Court's counsel. (Doc. 12-1 at 15-16) The BOP notified the Court,

> On May 29, 2009, Jesus Galarza-Villanueva was sentenced by the Court to a 39-month term of confinement for Illegal Reentry. At the time the federal sentence was imposed, Mr. Galarza-Villanueva was under the primary jurisdiction of state authorities in Illinois, and in federal custody pursuant to a Writ. The respective Judgment in a Criminal Case was silent regarding any relationship with the forthcoming action in the state of Illinois. Following sentencing, Mr. Galarza-Villanueva was appropriately returned to the State of illinois.
> On July 23, 2009, Mr. Galarza-Villanueva was sentenced in the state of Illinois, to a 42-month term of imprisonment for Obstructing Justice and Forgery. As Mr. Galarza-Villanueva had satisfied his state obligation on March 5, 2010, he was released to the federal detainer on that date to commence the service of his federal sentence as provided by Title 18 U.S.C. § 3585(a).
> Mr. Galarza-Villanueva now requests that the Bureau of Prisons (Bureau) designate the state institution for service of his federal sentence, thereby reducing the total amount of time spent in custody. Such a retroactive designation is made only after review of all relevant factors under Title 18 U.S.C. § 3621(b).
> The Bureau strives to administer sentences in accordance with federal statutes, Bureau police and the intent of the Sentencing Court. It is the Bureau's preference that the federal Sentencing Court be given an opportunity to state its position with respect to retroactive designation, which, while not binding, can be helpful in our determination to grant or deny the request. If, after 60 days, a response has not been received from the Court, the Bureau will complete its review and make a decision regarding this case.
> Should the designation be granted, the Bureau will commence Mr. Galarza-Villanueva's sentence in the above judgment on the date of imposition, which will result in Mr. Galarza-Villanueva release from custody on or about March 28, 2012. Should the Bureau deny the request, the [sic] he will continue to a current projected release date of

1    January 2, 2013.  If the Bureau makes a decision, based on a review of all relevant
2    3621(b) factors, which is contrary to the Court's stated position, the Court will be notified
     accordingly.

Id.  The District Court did not reply. (Doc. 11 at 8)

On March 17, 2011, the BOP issued a response to the Fourth Administrative Appeal and construed Petitioner's request for credit for the time he served in state custody to be a request for a nunc pro tunc designation of the state facility as a place for Petitioner to serve his federal sentence. (Doc. 17 at 3) The response reads,

> This is in response to your Central Office Administrative Remedy Appeal in which you request credit toward your federal sentence for time spent in state custody.
>
> Title 18 U.S.C. § 3585 (b ), prohibits the application of this credit.  However, as a result of the decision in Barden v . Keohane, 921 F.2d 476 (3rd Cir. 1990), the Bureau of Prisons considers an inmate's request for credit in such a case as a request for a retroactive (concurrent) designation. We have reviewed the merits of your case in accordance with the factors provided in Title 18 U.S.C. § 3621(b); specifically, (1) the resources of the facility contemplated, (2) the nature and circumstances of the offense, (3) the history and characteristics of the prisoner, (4) any statement by the court that imposed the sentence, and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994 (a) (2) of title 28.
>
> Accordingly, we have determined the relevant factors under 18 U.S.C. § 3621(b) are (2), (3), and (4). Under factor (2 ), your instant federal offense is Illegal Reentry and your state offense is for Obstructing Justice and Forgery. Under factor (3), your criminal history consists of extensive prior criminal history to include violent behavior and a recent incident report in January 2011 for Possession of a Weapon.
>
> Under factor (4), the federal Judgment in a Criminal Case was silent as to whether your sentence should run consecutively or concurrently to any other sentence. Pursuant to Title 18 U.S.C. § 3584, "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Nevertheless, the federal sentencing Court was contacted for a statement concerning its position on a retroactive designation. The court did not provide a response regarding its desire for a retroactive designation.
>
> Based on a review of the above factors, we have determined that a nunc pro tunc designation is not appropriate in your case.

Id.

**III.    The petition for writ of habeas corpus**

Petitioner offers only one ground for the petition. (Doc. 1 at 3-4)  Petitioner asserts–not that the state court's judgment required that the federal sentence be served concurrently with the state sentence (as the BOP contended in its October 22, 2009 decision)–but that the state sentence was required to run concurrently with the federal sentence. Id.  Thus, Petitioner contends that the BOP has failed to comply

5

with the state court orders to this effect. Id. at 3. Petitioner argues that the BOP has taken this position because it is attempting to cover-up its own failure and that of the US Marshal Service to take him into its custody earlier. Id. Thus, Petitioner asserts that he should be credited all time served while in state custody, from the date of his arrest on December 6, 2008 through his completion of the state sentence on March 5, 2010. Id.

In his answer, Respondent raises a number of arguments toward the same end, that Petitioner is not entitled to the credits that he claims.[3] (Doc. 11 at 4-8) First, Respondent cites 18 U.S.C. § 3585(a) which requires the BOP to compute Petitioner's sentence beginning upon the date that he entered federal custody. Id. at 5. Second, Respondent argues that 18 U.S.C. § 3585(b) determines that Petitioner may not receive credit for the time spent in state custody because this time was not "as a result of" his federal offense and because he received credit for this time toward the state charge. Id. Finally, Respondent argues that though the BOP could have designated the state prison as a place for Petitioner's federal sentence retroactively, it determined that it would not do so, in part because 18 U.S.C. § 3584(a) requires a sentence to be served consecutively when the sentence fails to affirmatively order it to run concurrently and because, once alerted to the BOP's consideration of Petitioner's request to designate the state prison as a place for serving the federal sentence, the sentencing court failed to indicate its wishes. Id. at 7.

**IV. Analysis**

    **A.    Petitioner was in state custody until March 5, 2010**

As Petitioner admits, on December 6, 2008, he was arrested by state authorities, on state charges and held at the county jail. (Doc. 1 at 3-4) The fact that he was taken into federal custody according to the writ of habeas corpus ad prosequendum, does not divest the state of primary custody. United States v. Warren, 610 F.2d 680, 684-685 (9th Cir. Ariz. 1980)("Normally, the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration.") Given that the State of Illinois had primary custody, it was entitled to have Petitioner complete the state

---

[3] Respondents frames Petitioner's arguments as one in which he seeks recompense from the BOP for the improper execution of the state sentence. Id. Respondent claims that Petitioner is complaining that the State of Illinois failed to timely relinquish him to federal custody which, therefore, should require the BOP to credit him for the 449 days he served in state custody. Id. The Court agrees with Petitioner that with this argument, the BOP has, once again, "flipped" his argument. Indeed, Petitioner does not take issue with his state sentence; he complains that the BOP failed to take custody of him sooner. Nevertheless, the outcome is unchanged.

6

sentence first. Taylor v. Reno, 164 F.3d 440, 444 n. 1 (9th Cir. 1998) ("The term 'primary jurisdiction' in this context refers to the determination of priority of custody and service of sentence between state and federal sovereigns.") Moreover, the BOP was entitled to refuse to honor the state court's judgment that the state sentence be served concurrently with the federal sentence.

In Del Guzzi v. United States, 980 F.2d 1269, 1270 (9th Cir. 1992), Del Guzzi was convicted in federal court and sentenced to five years in prison. He was ordered to self-surrender the next month to begin his sentence. Id. Before that time, he was arrested on state charges, plead guilty and was sentenced to five years in custody to be served concurrently with the federal sentence. Id. The state sentencing judge recommended that Del Guzzi be transported to federal prison to serve the concurrent prison terms. Id. However, the federal authorities refused to accept him until he completed his state sentence. Id. After serving three years and seven months, he was released from state custody and immediately placed into federal custody. Id. Del Guzzi petitioned the BOP to credit him for the time spent in state prison and the BOP refused. Id.

On appeal, the Court rejected Del Guzzi's claims. Del Guzzi, at 1270. The Court noted that though the state sentencing judge clearly intended his state sentence to not extend the amount of time he spent in custody and urged that he should be transported to federal custody for this purpose, the state judge had no authority to order it. Id. The Court held,

> Although the state judge stated that Del Guzzi's sentence "may be served in the federal prison," and "recommended that he be transported on the first available transportation," his authority was limited to sending Del Guzzi to state prison to serve his state sentence. Accordingly, his federal sentence did not begin to run until April 17, 1989, when he was received at the federal prison. Hardy v. United States Bd. of Parole, 443 F.2d 402, 402 (9th Cir. 1971)("It is fundamental that appellant's federal sentence did not begin to run until appellant . . . was returned to federal prison for the service of the balance of his sentence"); Thomas v. Brewer, 923 F.2d 1361, 1368-69 (9th Cir. 1991).

Id. at 1270-1271. The concurring opinion noted,

> State sentencing judges and defense attorneys in state proceedings should be put on notice. **Federal prison officials are under no obligation to, and may well refuse to, follow the recommendation of state sentencing judges that a prisoner be transported to a federal facility.** Moreover, **concurrent sentences imposed by state judges are nothing more than recommendations to federal officials. Those officials remain free to turn those concurrent sentences into consecutive sentences by refusing to accept the state prisoner until the completion of the state sentence and refusing to credit the time the prisoner spent in state custody.**

1  Id. at 1272-1273 (Norris, J. concurring)(emphasis added); Taylor v. Sawyer, 284 F.3d 1143, 1150 (9th
2  Cir. 2003)("The BOP was under no obligation to follow the allegedly expressed wishes of the state court
3  . . .")
4         Very recently, the United States Supreme Court decided Setser v. United States, 2012 U.S.
5  LEXIS 2538 (U.S. Mar. 28, 2012), in which the Court held that a federal court may order the federal
6  sentence to run consecutively with a yet-to-be imposed, but anticipated, state court sentence.  However,
7  because here the District Court did not make any order that the federal sentence would be concurrent
8  with or consecutive to the state court sentence, Setser does not address the factual situation before the
9  Court.  Nevertheless, Setser reaffirmed the authority vested in the BOP to determine whether a state
10 sentence would be deemed to have run concurrently with the previously issued federal sentence.  The
11 Court held, "This is where the Bureau of Prisons comes in–which ultimately has to determine how long
12 the District Court's sentence authorizes it to continue Setser's confinement. Setser is free to urge the
13 Bureau to credit his time served in state court based on the District Court's judgment that the federal
14 sentence run concurrently with the state sentence for the new drug charges." Id. at *25.
15        Here, it is apparent that the state court was under the impression that Petitioner was serving the
16 federal sentence at the time he was sentenced in state court.  Clearly, that was not the case.  In any event,
17 the intention of the state court judge that Petitioner's time in custody not be extended by the conviction
18 on the state charges, constitutes nothing more than a recommendation that the BOP was permitted to
19 refuse.  It is disturbing that, despite the 1992 opinion in Del Guzzi, the state court was unaware of this
20 fact. Nevertheless, the BOP had no obligation to honor the state court's request that the state sentence be
21 served concurrently with the federal sentence.  Thus, because Petitioner remained in state custody until
22 March 5, 2010, he was not in federal custody for purposes of commencing his federal sentence until that
23 time.  Therefore, he is not entitled to credit for the time spent in state custody.
24 **B.     The Bureau of Prisons did not act arbitrarily or capriciously in refusing to designate the**
25 **        state prison as a place for Petitioner to complete his federal sentence**
26        In his traverse, Petitioner clarifies that he is seeking to challenge *only* the failure of the BOP to
27 gain custody of him more quickly. (Doc. 13 at 3) Despite the discussion by Respondent of the rejection
28 of Petitioner's request to designate the state prison nunc pro tunc as a place of federal custody, Petitioner

states, "Petitioners [sic] case has to do only with the government neglecting to 'collect' its prisoner in a timely fashion from the State." Id. As discussed above, there is no error in the BOP refusing to take him into custody until the completion of his state sentence.  Nevertheless, because Petitioner's petition seems to strike at the failure of the BOP nunc pro tunc, to exercise its discretion to designate the state facility as a place for Petitioner to complete his federal sentence, the Court has considered and here finds that, the BOP did not abuse its discretion in refusing to do so.

As explained above, the only relief Petitioner may seek at this time, to obtain credit for his time served in state custody, is pursuant to 18 USC § 3621(b).  This provision provides the BOP the discretion to designate a state prison as a place of imprisonment for purposes of serving the federal sentence and to do it retroactively.  In making this determination, BOP must consider the relevant factors set forth in 18 USC §  3621(b) which include,

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence–
>     (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>     (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

In addition, the BOP's Program Statement § 5160.05 prohibits the BOP to make such a designation except when it is "consistent with the intent of the federal sentencing court or the goals of the criminal justice sentence."

Here, the BOP evaluated Petitioner's circumstances and determined that it would not exercise its discretion to designate the state prison term as running concurrently with the federal sentence. (Doc. 17 at 3) In doing so, the BOP considered the nature of the federal offense and the state offenses. Id. It considered that Petitioner has an "extensive prior criminal history [which includes] violent behavior and a recent incident report in January 2011 for Possession of a Weapon." Id. Moreover, the BOP considered the fact that Petitioner's request for the federal sentence to run concurrently with the state sentence was communicated to the federal sentencing judge who did not provide a response.[4] Id.

---

[4] Apparently, the BOP did not dispute that the state facility was adequate for the designation nor did it claim that a Sentencing Commission policy statement would preclude the designation.

Because the BOP properly considered the relevant factors, the Court finds that the BOP's decision to deny the nunc pro tunc designation was neither arbitrary nor capricious.

In a similar case, Taylor v. Sawyer, 284 F.3d 1143 (9th Cir. 2003), the Court of Appeals came to a similar result. Taylor was convicted on federal charges but released on his own recognizance pending sentencing. Id. at 1145. During this interval, he was arrested on state charges. Id. While awaiting trial, he was sentenced on the federal charges after being transported to federal court upon a writ ad prosequendum. Id. at 1146. The federal sentencing judge ordered that "with the imposition of this sentence, the defendant is now in federal custody." Id. Nevertheless, Taylor remained in state custody and was tried, convicted and sentenced on the state charges. Id. The state court ordered that his state sentence would run concurrent with the federal sentence. Id. However, Taylor was sent to a state prison to serve his sentence and the BOP told him that he would not begin the federal sentence until he was released by the state and taken into federal custody. Id.

Taylor filed multiple actions in state and federal court to attempt to gain credit for the time served in state custody, to no avail. Taylor, at 1146-1147. Once he was released by the state and entered federal custody, he filed his petition for writ of habeas corpus under 28 U.S.C. § 2241. Id. at 1147. In this petition, Taylor argued that the BOP violated his constitutional rights when it refused to credit him, nunc pro tunc, for the time served in state custody. Id. The district court denied the petition and found that the BOP's decision was not arbitrary or capricious in light of the earlier refusal of the state and federal courts–in his previous litigation–to take action to ensure the sentences would run concurrently. Id.

On appeal, the Court determined that the habeas petition was denied properly. Taylor, at 1148. The Court determined,

> . . . the refusal of the BOP to exercise its discretion to treat Taylor's sentences, in effect, as concurrent by designating a state facility as the site for the service of the federal sentence was neither arbitrary nor capricious. The federal sentencing court had made it clear, at least since December, 1993, that it would not view the service of concurrent sentences as "consistent with the goals of the criminal justice system," noting that the conversion of Taylor's sentences into concurrent terms would only serve to "depreciate the seriousness of both the state and federal offenses." Given the express intent of the federal sentencing judge, the BOP was obligated by the terms of its policy statement to decline the requested designation.

Finally, the Court held, "We agree with and adopt this reasoning. The BOP was under no obligation to

follow the allegedly expressed wishes of the state court and the BOP's actions in this case were not arbitrary or capricious." Id. at 1150.

## **RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be **DENIED**.

This Report and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 21 days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Replies to the Objections shall be served and filed within 14 court days after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 3, 2012**                    /s/ Jennifer L. Thurston
                                             UNITED STATES MAGISTRATE JUDGE